```
          UNITED STATES DISTRICT COURT
      FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| LEROY JOSEY, | : | **CIVIL NO. 1:11-CV-02011** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Smyser) |
| JON FISHER, *et al.*, | : | |
| Respondent | : | |

### **REPORT AND RECOMMENDATION**

The petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his conditions of confinement at the State Correctional Institution at Smithfield. He filed a motion to amend his petition to raise an additional claim regarding the temperature at the prison.

When a prisoner challenges the validity of his conviction and continued confinement or the fact or length of his sentence, the challenge must be brought by way of a habeas corpus petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) *Leamer v. Fauver*, 288 F.3d 532, 542 (3d Cir. 2002).

"Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction" a civil rights action is appropriate. *Id.*

The petitioner is not challenging his conviction or the fact or duration of his physical imprisonment. Rather he is challenging his conditions of confinement. Even if he were to prevail on his claims, his release date from prison would not change. So his claims are not within scope of habeas corpus. Rather, they are claims within the scope of 42 U.S.C. § 1983.[1]

Because of certain statutory provisions, it is important that the court make a threshold determination whether a prisoner's action is a habeas corpus action or a civil rights action. First, there is a different filing fee for a civil rights action as compared to a habeas action. Also, in civil rights actions there are *in forma pauperis* and other

---

1. Our conclusion that the petitioner's claims are within the scope of 42 U.S.C. § 1983 should not be understood as any comment on the merits of such claims.

2

restrictions in place under the Prison Litigation Reform Act of 1996, including the "three strikes" provision of 28 U.S.C. § 1915(g). The petitioner may not avoid the requirements of 28 U.S.C. § 1915 by titling a civil rights action as a habeas corpus action.

Because his claims cannot be brought as habeas corpus claims, we recommend that the petitioner's motion to amend be denied and that the petition for a writ of habeas corpus be dismissed without prejudice to the petitioner asserting his claims in a 42 U.S.C. § 1983 action.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: November 18, 2011.

3